UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WILLIAM L. WHITE, JR., <br><br> Plaintiff, <br><br> v. <br><br> CARTER, et al., <br><br> Defendants. | CAUSE NO. 3:22-CV-264-JD-MGG |

OPINION AND ORDER

William L. White, Jr., a prisoner without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. (ECF 7.) Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. White is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. White is an inmate at Indiana State Prison ("ISP"). He alleges that in January 2021, he awoke one morning with terrible pain in his wisdom teeth. He put in a request to see the dentist. He was seen by Dr. Rucker (first name unknown), a prison dentist,

who x-rayed his teeth and told him that two of his teeth needed to be extracted. The dentist also told him that his teeth were infected, and that he could not extract both teeth at the same time. He prescribed antibiotics and Ibuprofen for pain. In early March 2021, Mr. White saw Dr. Rucker again, and at that time was still suffering from pain and swelling in his teeth. He told the dentist he thought the teeth were still infected, as one side of his face was swollen. Dr. Rucker nevertheless extracted both teeth. He allegedly told Mr. White that his pain would be gone in about 30 days.

After 30 days passed, Mr. White was still experiencing a lot of pain in both teeth. He requested to see the dentist, but was not seen until April 25, 2021. At that point, his jaw was so swollen that he had difficulty eating and sleeping at night. Dr. Rucker examined his teeth and told him that both were still infected, and that one of the teeth still had a root present, which was the source of his pain. He again prescribed antibiotics and Ibuprofen.

Another 45 days passed, and Mr. White was still in pain. He put in another request to be seen by the dentist, and was seen on June 2, 2021. On that date, Dr. Rucker extracted the remainder of the tooth that still had a portion of the root present. Mr. White continued to experience significant pain and swelling. By July 2021, his right ear was "swollen shut" and he "couldn't stand for anything to touch his face or the inside of his mouth." By this point, he had lost 37 pounds. He put in two more requests to see the dentist, but for unknown reasons he was not seen. In August 2021, he was seen by a prison physician (a non-party), who prescribed a stronger antibiotic and referred him back to see the dentist. He saw Dr. Rucker again at the end of August 2021, by which

point the infection had cleared and the swelling had gone done. Based on these events, he sues Dr. Rucker, Indiana Department of Correction ("IDOC") Commissioner Robert Carter, ISP Warden Ron Neal, and Wexford Health Sources ("Wexford"), seeking monetary damages.

Under the Eighth Amendment, inmates are entitled to adequate medical care for serious medical conditions. *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021). However, they are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997); *see also Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) ("The Eighth Amendment does not require that prisoners receive unqualified access to health care.") (citation and internal quotation marks omitted). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Forbes*, 112 F.3d at 267. The court must "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965 (citation and quotation marks omitted). "[I]nexplicable delay in responding to an inmate's serious medical condition can reflect deliberate indifference," particularly where "that delay exacerbates an inmate's medical condition or unnecessarily prolongs suffering." *Goodloe v. Sood*, 947 F.3d 1026, 1031 (7th Cir. 2020) (citations and internal quotation marks omitted). Additionally, persisting with a course of treatment known to be ineffective can constitute deliberate indifference. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010). "Dental care is one of the most important medical needs of inmates."

*Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001); *see also Maddox v. Jones*, 370 F. App'x 716, 719 (7th Cir. 2010). Among other things, untreated dental problems can lead to infection or impact an inmate's ability to eat. *Wynn*, 251 F.3d at 593.

Giving Mr. White the inferences to which he is entitled at this stage, he has alleged a plausible Eighth Amendment claim against Dr. Rucker. Specifically, he alleges that the dentist failed to adequately treat his infection for months, extracted both teeth at the same time even though he told him that was not advisable, left a portion of the root when he extracted one of the teeth, and delayed in seeing him for follow-up care. As a result, Mr. White claims to have suffered great pain and lost 37 pounds. He has alleged enough to proceed past the pleading stage against Dr. Rucker.

As to Commissioner Carter and Warden Neal, liability under 42 U.S.C. § 1983 is based on personal responsibility, and these officials cannot be held liable for damages solely because they hold supervisory positions within the IDOC. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Supervisory prison officials can be held liable for a constitutional violation only if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir 2019.) These two defendants are not mentioned by name in the narrative section of the complaint, and there are no allegations from which the court can plausibly infer that they were personally involved in Mr. White's dental care, approved or facilitated the dentist's conduct, or otherwise

4

turned a blind eye to Mr. White's dental needs.[1] As non-medical staff, they were entitled to defer to trained medical professionals regarding the appropriate treatment for Mr. White's dental problems unless they had reason to know he was being mistreated, and Mr. White has not included any allegations to satisfy this standard. *Burks*, 555 F.3d at 596. He has not alleged a plausible claim for damages against these defendants.

Mr. White mentions that he also wishes to sue these defendants in their "official" capacity. However, any claim for damages against these defendants in their official capacity would be barred by the Eleventh Amendment. *de Lima Silva v. Dep't of Corr.*, 917 F.3d 546, 565 (7th Cir. 2019). They also cannot be sued under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), because *Monell* only applies to municipal actors, not state officials. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). A state prison official can be named in an official capacity on a claim for prospective injunctive relief, but only if there is an ongoing constitutional violation. *Marie O. v. Edgar*, 131 F.3d 610, 615 (7th Cir. 1997). Mr. White does not seek injunctive relief in his complaint, and his allegations make clear that his dental problems occurred for a finite

---

[1] Mr. White asserts in general terms that "[t]he defendants and each of them were deliberately indifferent to the serious infection and medical needs of the Plaintiff and denied him adequate medical care for his serious health condition." (ECF 7 at 4.) But he does not explain what exactly these defendants did to violate his rights, and his general reference to actions taken by "defendants," collectively, is not sufficient to state a claim. *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (allegations that referred to "defendants" collectively without connecting specific defendants to specific acts were insufficient under federal pleading standards); *see also Henderson v. Wall*, No. 20-1455, 2021 WL 5102915, at *1 (7th Cir. Nov. 3, 2021) ("[B]y making allegations about large, indeterminate groups of defendants, [the plaintiff] deprived them all of proper notice of what they were accused of doing.").

period ending in August 2021. (ECF 7 at 1, 3.) Therefore, these defendants will be dismissed.

He also sues Wexford, the private company that previously employed medical staff at Indiana prisons. Wexford's contract with IDOC terminated in July 2021 and it was replaced by Centurion Health. *See Baldwin v. Westville Corr. Facility*, No. 3:21-CV-682-DRL-MGG, 2021 WL 5759136, at *2 (N.D. Ind. Dec. 3, 2021). Wexford could be held liable for constitutional violations occurring during the time it provided medical care at Indiana prisons. *See Hildreth v. Butler*, 960 F.3d 420, 422 (7th Cir. 2020). However, there is no general *respondeat superior* liability under 42 U.S.C. § 1983, and Wexford cannot be held liable solely because it employed Dr. Rucker. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). A private company performing a public function can be sued under *Monell*, but it "cannot be held liable for the unconstitutional acts of [its] employees unless those acts were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). The purpose of the official policy requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021).

Mr. White does not mention Wexford in the narrative section of the complaint, other than to state that it provided dental care at ISP. Nor does he include allegations linking his injury to an official policy or custom of Wexford. *Dixon v. Cty. of Cook*, 819 F.3d 343, 348 (7th Cir. 2016) (*Monell* requires a plaintiff to show that an official policy "was the 'moving force' behind his constitutional injury"). Rather, his complaint

6

describes acts of wrongdoing by the dentist who provided his care. This corporate defendant will be dismissed.

As a final matter, Mr. White moves for leave to proceed in forma pauperis. (ECF 8.) However, the court already granted him leave to proceed in forma pauperis based on his earlier motion. (ECF 3, 6.) The present motion will be denied as unnecessary.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Dr. Rucker (first name unknown) in his personal capacity for monetary damages for failing to provide him with adequate dental care as required by the Eighth Amendment from January 2021 to August 2021;

(2) DISMISSES all other claims;

(3) DISMISSES Carter, Ronald Neal, and Wexford Health Sources as defendants;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Dr. Rucker at Centurion Health and to send him a copy of this order and the amended complaint pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS Centurion Health to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available;

(6) ORDERS Dr. Rucker to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order; and

7

(7) DENIES as unnecessary the motion for leave to proceed in forma pauperis (ECF 8).

SO ORDERED on May 17, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT