UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WILLIAM L. WHITE, JR.,

               Plaintiff,

               v.                                CAUSE NO. 3:22-CV-264-JD

RUCKER,

               Defendant.

OPINION AND ORDER

William L. White, Jr., a prisoner without a lawyer, is proceeding in this case against Dr. Willie Rucker "in his personal capacity for monetary damages for failing to provide him with adequate dental care as required by the Eighth Amendment from January 2021 to August 2021[.]" ECF 9 at 7. Dr. Rucker filed a motion for summary judgment. ECF 45. White filed his own motion for summary judgment, which the court construes as a response to Dr. Rucker's summary judgment motion. ECF 49. Dr. Rucker filed a reply, and White filed an authorized sur-reply. ECF 52, 53. Dr. Rucker's motion for summary judgment is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable

to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To be held liable for deliberate indifference to an inmate's medical needs, a medical professional must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008).

Furthermore, a prisoner is not entitled to demand specific care, nor is he entitled to the "best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). "Whether and how pain associated with medical treatment should be mitigated is for doctors to decide free from judicial interference, except in the most extreme situations." *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996). Where the defendants have provided some level of care for a prisoner's medical condition, in order to establish deliberate indifference

2

the prisoner must show that "the defendants' responses to [his condition] were so plainly inappropriate as to permit the inference that the defendants intentionally or recklessly disregarded his needs." *Hayes v. Snyder*, 546 F.3d 516, 524 (7th Cir. 2008). A mere disagreement with medical professionals about the appropriate treatment does not amount to an Eighth Amendment violation. *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003).

Dr. Rucker provides an affidavit and White's medical records, which show the following facts: On January 13, 2021, the dental unit received a Healthcare Request Form ("HCRF") from White requesting his wisdom teeth be pulled. ECF 46-4 at 2; ECF 46-3 at 10. On February 11, 2021, Dr. Rucker saw White, performed an oral examination, and took x-rays of tooth #17 and tooth #32. *Id*. He noted the teeth required extraction and an infection was present. *Id.* Dr. Rucker prescribed White the antibiotic amoxicillin for the infection and Tylenol for the pain, and ordered he be scheduled for an extraction of those two teeth. *Id.*; ECF 46-3 at 8.

 On March 15, 2021, Dr. Rucker extracted both of White's wisdom teeth. ECF 46-4 at 2; ECF 46-3 at 10. He instructed White on proper oral hygiene to avoid infection and prescribed ibuprofen as needed for pain. *Id.* ECF 46-3 at 7. He did not note any signs or symptoms of infection at that time. *Id.*

On March 24, 2021, the dental unit received a HCRF from White requesting to be seen because his extraction sites were infected. ECF 46-4 at 2; ECF 46-3 at 9-10. On April 1, 2021, Dr. Rucker saw White and took x-rays of the extraction sites, which showed a root tip of tooth #32 had been retained and an infection was present. ECF 46-4 at 2; ECF

3

46-3 at 11. Dr. Rucker prescribed White amoxicillin and Tylenol, and advised him he would wait and see if the root tip moved up for easier extraction. *Id.*; ECF 46-3 at 6. Dr. Rucker informed White that waiting for the root tip to move upward would allow him to extract it without damaging the mandibular nerve underneath. *Id.*

On May 6, 2021, the dental unit received another HCRF from White requesting to be seen. ECF 46-4 at 2; ECF 46-3 at 11. On May 10, 2021, Dr. Rucker saw White. ECF 46-4 at 3; ECF 46-3 at 11. Dr. Rucker took x-rays and scheduled White for extraction of the remaining root tip of tooth #32. *Id.* He prescribed amoxicillin and ibuprofen, and noted the extraction site of tooth #17 looked great and just needed additional time to heal. *Id.*; ECF 46-3 at 5.

On June 2, 2021, Dr. Rucker extracted the root tip of tooth #32. ECF 46-4 at 3; ECF 46-3 at 11. After performing the extraction, Dr. Rucker prescribed Motrin to be taken as needed for pain, and did not note any signs or symptoms of infection. *Id.*; ECF 46-3 at 4.

On July 13, 2021, White was seen by a nurse regarding complaints of ear and jaw pain. ECF 46-4 at 3; ECF 46-3 at 1-3. The nurse noted White had swelling and redness in his right ear and jaw, referred him to the dental unit, and contacted a physician who issued orders for amoxicillin and Tylenol. *Id.* On July 26, 2021, Dr. Rucker saw White, took x-rays, and noted he had some decay in tooth #30, which White agreed to have restored that day. ECF 46-4 at 3; ECF 46-3 at 12. No infection was present, the extraction site of tooth #32 was healing appropriately, and the extraction site of tooth #17 was completely healed. *Id.* Because White does not dispute these facts, the court accepts them as undisputed.

Dr. Rucker argues summary judgment is warranted in his favor because he provided constitutionally adequate treatment to White by extracting his teeth, treating his infections with antibiotics, providing pain medication, successfully removing a retained root tip, and always providing timely care. ECF 46 at 5-6. Here, it is undisputed Dr. Rucker treated White's wisdom teeth by performing x-rays, extracting the teeth, prescribing antibiotics and pain medications, and extracting the retained root tip. Because it is undisputed Dr. Rucker provided some treatment for White's wisdom teeth, the question is whether this treatment was "so plainly inappropriate" as to permit the inference that Dr. Rucker intentionally or recklessly disregarded White's medical needs. *See Hayes*, 546 F.3d at 524.

White raises several arguments in this regard. First, he argues Dr. Rucker inappropriately performed the March 15 extractions while an infection was present, which resulted in complications extracting the teeth. ECF 49-1 at 9. However, it is undisputed Dr. Rucker determined the teeth required extraction on February 11, prescribed antibiotics for the infections, and waited until March 15 to perform the extractions. ECF 46-3 at 10. There is no evidence an infection was present at the time of the March 15 extractions, or that Dr. Rucker's conduct of providing antibiotics before proceeding with the extractions was "plainly inappropriate."

Second, White argues Dr. Rucker failed to inform him after the March 15 extractions that tooth #32 broke during the extraction and the root tip remained in his mouth. ECF 49-1 at 10. But there is no evidence Dr. Rucker was aware on March 15 that tooth #32 broke and the root tip had been retained. Moreover, it is undisputed Dr.

5

Rucker remedied the situation by prescribing White antibiotics and pain medication and eventually extracting the remaining root tip. Because it is undisputed Dr. Rucker responded reasonably to remedy the complications around the March 15 extractions, the mere fact that complications arose does not show deliberate indifference. *See Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (Negligence, incompetence, or even medical malpractice do not amount to deliberate indifference); *see also Jones v. Sood*, 123 F. App'x 729, 731 (7th Cir. 2005) (the Eighth Amendment does not "guarantee success" in the treatment of a particular condition).

Third, White argues Dr. Rucker unnecessarily delayed for two-and-a-half months before extracting the remaining root tip of tooth #32. ECF 49-1 at 10-11. But Dr. Rucker attests the delay was necessary to allow the root tip to move upward away from the mandibular nerve, and White provides no evidence disputing this attestation. White also argues Dr. Rucker delayed in seeing him and providing care on other occasions, but the undisputed facts show Dr. Rucker saw and treated White within a reasonable amount of time in response to his HCRF, and there is no evidence Dr. Rucker was responsible for any delays in scheduling or providing care to White.

In summary, the undisputed facts show Dr. Rucker provided White constitutionally adequate care for his wisdom teeth by performing x-rays, prescribing antibiotics and pain medication, extracting the teeth, and extracting the remaining root tip. The fact that complications arose during and after the extractions does not show Dr. Rucker provided constitutionally inadequate care, as the undisputed facts show he responded adequately to those complications. Because no reasonable jury could

conclude the care provided by Dr. Rucker violated White's Eighth Amendment rights, summary judgment is warranted in favor of Dr. Rucker.

For these reasons, the court:

(1) GRANTS Dr. Rucker's motion for summary judgment (ECF 45);

(2) DENIES White's motion for summary judgment (ECF 49); and

(3) DIRECTS the clerk to enter judgment in favor of Dr. Rucker and against William L. White, Jr., and to close this case.

SO ORDERED on February 14, 2024

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

7